UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACK MONTERA,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION and MS. ANDERSON,<br><br>    Defendants. | NO. CV-07-234-RHW<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR SUBSTITUTION AND DISMISSAL** |

Before the Court is Defendant's Motion for Substitution and Dismissal (Ct. Rec. 2). The motion was heard without oral argument.

Defendant asks the Court, pursuant to 28 U.S.C. 2679(d),[1] to substitute the United States as a Defendant in place of Defendant Ms. Anderson and dismiss Ms. Anderson from this cause of action. Along with their motion, the United States submitted a Certification of Scope of Employment in which James A. McDevitt, United States Attorney for the Eastern District of Washington, stated that Defendant Ms. Anderson was acting within the scope of her employment as an

---

[1] 2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal. 28 U.S.C. § 2679(d).

**ORDER GRANTING UNITED STATES' MOTION FOR SUBSTITUTION AND DISMISSAL ~ 1**

employee of the United States at the time of the incident out of which this suit arose.

In his response, Plaintiff appears to be asking the Court to dismiss the motion and remand this case to State court.

The statute is clear, however. Upon proper certification the Court must dismiss Ms. Anderson, substitute the United States as a Defendant, and deny Plaintiff's motion for remand. Plaintiff has not shown that this statute does not apply, or that the Court has the authority to disregard this statute.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Substitution and Dismissal (Ct. Rec. 2) is **GRANTED.**

2. The United States is **substituted** for Defendant Ms. Anderson. Ms. Anderson is **dismissed** as a party in this action. The District Court Executive is directed to update the Court records to reflect this substitution.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of September, 2007.

 *s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Montera\grant.sub.wpd

**ORDER GRANTING UNITED STATES' MOTION FOR SUBSTITUTION AND DISMISSAL ~ 2**